IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD D. ANDERSON,

        Petitioner,                           OPINION AND ORDER

    v.

                                                 15-cv-248-slc

WILLIAM POLLARD, Warden,

        Respondent.

Petitioner Edward D. Anderson seeks a writ of habeas corpus under 28 U.S.C. § 2241 and § 2254, claiming that the failure to properly apply pre-sentence credit has resulted in him being held in violation of his rights under the Constitution. The parties consented to magistrate judge jurisdiction, and on March 18, 2016, this case was reassigned to me. (Dkt. 6.) After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I conclude that this case must be dismissed for lack of subject matter jurisdiction.

BACKGROUND

Anderson is currently incarcerated due to seven different criminal convictions in Milwaukee County Circuit Court, Case Nos. 1992CF20885, 1995CF50515, 1995CF2253, 2000CF005394, 2001CF001783, 2003CF007258 and 2013CF000143.

On February 19, 2001, Anderson filed what he calls a Petition for Writ of Habeas Corpus in the Milwaukee County Circuit Court, which was converted to a Petition for Writ of Certiorari. Anderson avers that he argued in that petition that a pre-sentence credit in one of his criminal cases was applied incorrectly, causing two of his sentences to be lengthened by two years. The Milwaukee County Circuit Court denied the petition on April 19, 2002; the

Wisconsin Court of Appeals affirmed the circuit court on July 8, 2003; and the Wisconsin Supreme Court denied review on November 17, 2003.

Anderson filed a Petition for Writ of Habeas Corpus under § 2254, in the Western District of Wisconsin, which was denied on March 25, 2005. *Anderson v. Benik*, No. 04-cv-831-bbc (W.D. Wis. Mar. 25, 2005). In that petition, Anderson challenged the fact that he was not awarded 294 days of sentence credit for time spent in custody prior to a sentence that was imposed in 1992, despite the fact that a December 1999 order provided for such credit. The court denied him relief because, although Anderson *did* appeal the sentence credit issue, he based his arguments entirely on state law. Thus, Anderson failed to raise a federal issue during his state court proceedings. The Court of Appeals for the Seventh Circuit affirmed that decision on December 20, 2006, agreeing that the petitioner had failed to raise a federal constitutional issue before the Wisconsin state courts. It does not appear that Anderson appealed that decision.

On June 28, 2013, Anderson filed a Petition for Writ of Habeas Corpus in Juneau County Circuit Court, Case No. 2013CV000151. In it, Anderson again alleged that his pre-sentence credit was incorrectly applied to his sentences. The circuit court dismissed the petition with prejudice on December 5, 2013; the Wisconsin Court of Appeals affirmed that decision on October 9, 2014; and the Wisconsin Supreme Court denied review on January 12, 2015. Anderson filed his petition in this court on April 27, 2015.

OPINION

Anderson again claims that pre-sentence credit in Case No. 1992CF20885 was incorrectly applied to his sentence. He argues that correctly applying the pre-sentence credit

would have caused his sentences in Case Nos. 95CF000515 and 95CF002253 to expire between August and November of 2000.

Anderson's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, any "second or successive application" for habeas relief must be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Numerically, second filings trigger the prohibition against second-or-successive applications "if they follow a filing that 'counts' as the prisoner's first (and only) opportunity for collateral review." *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011) (citation omitted). Anderson's 2005 § 2254 petition was resolved on the merits because the court concluded that he had not asserted a federal claim during his state court proceedings, and "matters of state law cannot be litigated under 28 U.S.C. § 2254." *Anderson*, No. 04-C-831-C, slip op. at 6 (W.D. Wis. Mar. 24, 2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). His current petition qualifies as successive because his 2005 petition also challenged the application of the pre-sentence credit from his 1992 conviction, the only argument he presents here.

Anderson's citation to § 2241 in addition to § 2254 does not change this result. Section 2254 is the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (commenting that the decision in *Felker v. Turpin*, 518 U.S. 651, 662 (1996) "leads to the conclusion that when a prisoner begins in district court, § 2254 and all associated statutory requirements apply no matter what statutory label the

prisoner has given the case"). As Anderson's petition implicates the length of his sentence post-judgment, § 2254 is his sole vehicle for relief.

If Anderson believes that he qualifies for an exception to the prohibition against successive petitions, then he must raise this issue with the Court of Appeals for the Seventh Circuit. This is the statutory limitation put in place by 28 U.S.C. § 2244(b)(3), which "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). Absent approval from the Seventh Circuit, this court has no authority to consider the petition. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition qualifies as "second or successive" under 28 U.S.C. § 2244(b).

ORDER

IT IS ORDERED THAT:

1. Petitioner Edward Anderson's habeas corpus petition is DISMISSED for lack of authorization as a second or successive application.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 25th day of March, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge